# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-64-2 |
| ROBERT HENON | : | |

### GOVERNMENT'S MOTION FOR JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and the undersigned attorneys, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the United States represents as follows:

1. On January 29, 2019, Robert Henon was charged in an indictment with violating 18 U.S.C. § 371, conspiracy to commit honest services fraud and federal program bribery (Count 97), violating 18 U.S.C. §§ 1343, 1346, and 2, honest services wire fraud and aiding and abetting (Counts 98-108, and 110-112), 18 U.S.C. §§ 1341, 1346, and 2, honest services mail fraud and aiding and abetting (Count 109), and 18 U.S.C. § 666(a)(1)(B), federal program bribery (Counts 113-116).

2. The indictment also contained multiple Notices of Forfeiture. Notices of Forfeiture Four and Five alleged that the defendant shall forfeit certain property, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of his violations of 18 U.S.C. §§ 371, 666, 1341, and 1343 charged in Counts 97-116. The Notices of Forfeiture also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

3. On November 15, 2021, following a jury trial, Henon was convicted of conspiracy to commit honest services mail and wire fraud, in violation of 18 U.S.C. § 371 (Count 97), and related substantive honest services wire and mail fraud counts, in violation of 18 U.S.C. §§ 1341, 1343, and 1346 (Counts 100-103; 105, 106 and 109), arising from his acceptance of bribes in the form of his Local 98 salary, benefits, and tickets. In addition, Henon was convicted on Counts 110 and 114, charging him with honest services wire fraud and federal program bribery, in violation of 18 U.S.C. §§ 1343, 1346, and 18 U.S.C. § 666, respectively, arising from his solicitation and acceptance of a bribe in the form of a $5,000 campaign contribution from the Communications Workers of America Local 13000 in October of 2015.

4. As a result of the jury's finding of guilt as to the specific charges, the defendant is required, pursuant to 18 U.S.C. § 981(a)(1)(C), made applicable by 28 U.S.C. § 2461(c) to forfeit criminally any property, real or personal which constitutes or is derived from any specified unlawful activity, as the result of the violations charged in Counts 97, 100-103, 105, 106, 108, 110 and 114 of the indictment.

5. Based upon the facts set forth during the trial, as well as those set forth in the Government's Sentencing Memorandum, and in the record as a whole, the government avers that the sum of $207,948.70 in United States currency is subject to forfeiture as a result of the defendant's conviction on the ten counts identified above. This sum consists of the gross pay Henon received from Local 98 from May 7, 2015, and September 29, 2016 ($102,742.40); the benefits paid conferred to him by Local 98 during that same period ($79,697.25), the value of event tickets that he received during this time from Local 98 ($20,509.05); and the bribe paid to him by the CWA ($5,000). This amount, $207,948.70, represents the value of proceeds that the defendant obtained as a result of his convictions for conspiracy to commit honest services fraud

and federal program bribery, honest services mail and wire fraud, and federal program bribery, as charged in Counts 97, 100-103, 105, 106, 108, 110 and 114 of the indictment. *See Honeycutt v. United States*, 137 S. Ct. 1626 (2017) (a defendant must forfeit the property that he himself acquired from the offense giving rise to the forfeiture); *United States v. Gjeli*, 867 F.3d 418, 426-27 (3d Cir. 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 1963 and 18 U.S.C. § 981(a)(1)(C)); *United States v. Brown*, 694 Fed. App'x 57, 2017 WL 3404979 (3d Cir. Aug. 9, 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 982(a)(2)); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (an *in personam* forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); Fed. R. Crim. P. 32.2(b)(1) (where the government seeks an order of forfeiture for criminal proceeds, the court must determine the amount of money that the defendant will be ordered to pay).

6. The government, therefore, requests that this Court enter, against the defendant, a forfeiture money judgment in the amount of $207,948.70.

7. Due to the defendant's acts or omissions, the $207,948.70 in proceeds are not currently available to the government for forfeiture, and the government is entitled to the forfeiture of substitute assets because one or more of the conditions in 21 U.S.C. § 853(p) have been met. Based on the record as a whole, the defendant has dissipated or otherwise spent the proceeds, the proceeds cannot be located upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, and the proceeds have been substantially diminished in value. Accordingly, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1)(B), the government is authorized to seek forfeiture of substitute assets of the defendant up to the amount of $207,948.70.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding or guilty, or after a plea of guilty or *nolo contendere* is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay". *Id.* The Court's determination may be based on "evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

9. Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel, and on any person known to have an interest in the Subject Property.

10. The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

11. Because the government does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where specific property is not being forfeited).

For the reasons stated above, the government requests that this Court enter the attached Order.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*/s/ Sarah L. Grieb*
SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Financial Litigation

*/s/ Frank R. Costello, Jr.*
FRANK R. COSTELLO, JR.
RICHARD P. BARRETT
BEA L. WITZLEBEN
Assistant United States Attorneys

Date: 2/23/23

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | **CRIMINAL NO. 19-64-2** |
| ROBERT HENON | : | |

## ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT:**

1. As a result of defendant Robert Henon's convictions on Counts 97, 100-103, 105, 106, 108, 110 and 114 of the indictment, charging him with conspiracy to commit honest services fraud and federal program bribery, honest services wire and mail fraud, and federal program bribery, in violation of 18 U.S.C. §§ 371, 666(a)(1)(B), 1341, 1343, and 1346, the defendant is required to forfeit criminally any property, real or personal, which constitutes or is derived from specified unlawful activity, as a result of his violations, pursuant to 18 U.S.C. § 981(a)(1)(C), made applicable by 28 U.S.C. § 2461(c).

2. All property that constitutes or is derived from proceeds the defendant obtained directly or indirectly as a result of his violations of 18 U.S.C. §§ 371, 666(a)(1)(B), 1341, 1343, and 1346, is forfeited to the United States.

3. The sum of $207,948.70 represents the value of property which constitutes or is derived from proceeds the defendant obtained as a result of the offenses charged in Counts 97, 100-103, 105, 106, 108, 110 and 114 of the indictment.

4. The defendant shall forfeit to the United States $207,948.70 in proceeds that he obtained as a result of his violations of 18 U.S.C. §§ 371, 666(a)(1)(B), 1341, 1343 and 1346, as charged in Counts 97, 100-103, 105, 106, 108, 110 and 114 of the indictment, pursuant

to 18 U.S.C. § 981(a)(1)(C) made applicable by 28 U.S.C.§ 2461(c) and Fed. R. Crim. P. 32.2(b)(2).

5. A money judgment in the amount of $207,948.70 is hereby entered against the defendant.

6. Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, these proceeds are not currently available because the defendant has dissipated or otherwise spent some of the proceeds that he obtained, the United States cannot locate the proceeds upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, and the proceeds have been substantially diminished in value. Therefore, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment. The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

7. The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

9. Upon entry of this Order or any amendment thereto that is entered pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize

any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

10. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation ("FBI"), United States Marshals Service ("USMS"), and to counsel for the parties.

ORDERED this ___ day of _____, 2023.

_____
**HONORABLE JEFFREY L. SCHMEHL**
**United States District Court Judge**

# CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

      Brian McMonagle, Esq.
      Catherine C. Recker, Esq.

        *Counsel for Defendant Robert Henon*

                                */s/ Frank R. Costello, Jr.*
                                FRANK R. COSTELLO, JR.
                                Assistant United States Attorney

Date: 2/23/23