IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff<br> v.<br><br>BRIAN BURROWS,<br>       Defendant. | CRIMINAL NO. 2:19-CR-00064-JLS-3 |

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE IMPROPER HEARSAY EVIDENCE UNDER RULE 801(d)(2)(E) AND RULE 403.**

**NOW COMES**, Defendant, Brian Burrows, by and through counsel and moves this Court for an Order precluding the admission of recordings and transcripts as it may pertain to Brian Burrows pursuant to Rules 801(d)(2)(E) and 403 of the Federal Rules of Evidence.

I.  **INTRODUCTION**

The Defendant, Brian Burrows, is charged with Conspiracy to Embezzle from Labor Union and Employee Benefits Plans in violation of 18 U.S.C. § 371. Mr. Burrows anticipates that the Government will seek to introduce numerous wire recordings and accompanying transcripts of statements made by alleged co-conspirators during the claimed conspiracy against Defendant. Rule 801 of the Federal Rules of Evidence provides that a statement is not hearsay if the statement is offered against a party and is a statement (1) by a co-conspirator of a party, (2) made during the course of, and (3) in furtherance of the conspiracy. *See* Fed. R. Evid. 802(d)(2)(E). Defendant respectfully requests that this Court preclude the Government from introducing into evidence the five-hundred and fifty recordings and transcripts of these alleged coconspirators. The transcripts are inadmissible hearsay, and no exception or exclusion applies here. Furthermore, these transcripts should be excluded under Federal Rule of Evidence 403. Rule 403 states that a court may exclude relevant evidence if its probative value is substantially outweighed by the

danger of unfair prejudice. *See* Fed. R. Evid. 403. Out of the over five hundred and fifty phone calls, only six include Mr. Burrows. Therefore, the prejudice the phone calls present far outweigh its relevance. Because of the low reliability of the recordings, the lack of relevancy, and the high prejudicial effect, this Court should exclude the recordings absent independent proof of the specific agency relationship which provides the theoretical basis for the hearsay exception under Rule 801(d)(2)(E). As such, Mr. Burrows requests a pre-trial hearing in which the Government must prove by a preponderance of the evidence that the statements were made by a co-conspirator, during the course of and in furtherance of the conspiracy before this Court admits the statements as relevant evidence.

## II.  BACKGROUND

Brian Burrows was the President of the International Brotherhood of Electrical Workers Local Union 98 ("Local 98") and one of eight defendants charged by way of a 116-count indictment unsealed on January 29, 2019. He is scheduled to stand trial beginning on November 6, 2023 for charges related to the alleged conspiracy to embezzle funds from Local 98. Mr. Burrows is charged along with six other defendants including John Dougherty, Michael Neill, Marita Crawford, Niko Rodriguez, Brian Fiocca, and Anthony Massa. On October 5th, 2023, the Government presented Mr. Burrows and his counsel with over five hundred and fifty recordings and accompanying transcripts of intercepted telephone conversations between all of the defendants. Of those five hundred and fifty recordings, only six directly involve Defendant, Brian Burrows. The Government intends to introduce the transcripts under Rule 801(d)(2)(E) during trial as an exclusion to the hearsay rule.

## III.  APPLICABLE LAW

### A. The Recordings Should be Excluded Because They are Improper Hearsay Evidence Under the Federal Rule of Evidence 801(d)(2)(E).

Hearsay is an out of court statement offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801. Hearsay is generally inadmissible in court unless it falls under an exception or an exclusion. *See* Fed. R. Evid. 802. One of those exclusions is an opposing party's statement. *See* Fed. R. Evid.

801(d)(2). Pursuant to Federal Rule of Evidence 801(d)(2)(E), a statement is not hearsay if it is offered against the opposing party and "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The rationale behind this rule "is the commonsense appreciation that [a] person who has authorized another to speak or to act some joint end will be held responsible for what is later said or done by his agent, whether in his presence or not." *United States v. Trowery,* 542 F.2d 623, 626 (3d Cir. 1976).

Under Federal Rule of Evidence 104(a), the court must decide any preliminary questions regarding the admissibility of evidence. *See* Fed. R Evid. 104(a). Thus, the judge, not the jury, makes the determination of whether the "prerequisites for admissibility of co-conspirator" statements are satisfied by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *see also United States v. Gambino,* 926 F.2d 1355, 1360 (3d Cir. 1991). While the Supreme Court has not spoken on the order of proof of hearsay statements and procedure of admissibility, the Third Circuit has continued to uphold decisions that "conditionally admit co-conspirator testimony subject to later connection." *See e.g., Gambino*, 926 F.2d at 1360-61; *United States v. Ammar*, 714 F.2d 238, 245-47 (3d Cir. 1983); *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 820-21 (3d Cir. 1982). The Third Circuit has vested the trial judge with the discretion on whether to conditionally admit the statements or whether the party favoring admission is required to make a preliminary showing. *See United States v. Continental Group, Inc.*, 603 F.2d 444, 456 (3d Cir. 1979) (holding the "control of the order of proof at trial is a matter committed to the discretion of the trial judge"). In *Muhammad*, the court held that it would wait to make the threshold determination about the defendant's participation in the conspiracy until after the government has presented its evidence. *See* No. 14-CR-136 (JBS), 2015 WL 5996289, at *2-3.

The Third Circuit had held; however, that this "practice of admitting coconspirator declarations, otherwise hearsay, subject to later proof… should be carefully considered and sparingly utilized." *Continental*, 603 F.2d at 457. The admission of statements subject to later connection increases the risk of prejudice to the defendant. *See id.* Although the procedure may be used, especially in cases involving

multiple defendants and "interrelated testimony," as it may help bolster judicial economy, the government must satisfy its burden to prove the conspiracy by the end of the trial. *See Gambino*, 926 F.2d at 1360-61; *see also United States v. Onyenso,* 615 Fed.Appx. 734, 737 (3d Cir. 2015) ("The court may conditionally admit evidence under Rule 801(d)(2)(E), provided the government make the necessary showing by the close of its case.")

While the preliminary determinative for admissibility is made by the trial judge, the proponent of the evidence bears the burden of establishing the statement's reliability and admissibility. For a hearsay statement to be admissible under Rule 801(d)(2)(E), the court must find by a preponderance of the evidence that: (1) a conspiracy existed; (2) the declarant and the party against whom the statement is offered were members of a conspiracy, (3) the statement was made in the course of the conspiracy, and (4) the statement was made in furtherance of the conspiracy. *See United States v. McGlory*, 968 F.2d 309, 33 (3d Cir. 1992); *see also Bourjaily*, 483 U.S. at 175.

First, the court must determine whether a conspiracy existed. The court may consider the contents of the declarant's statements in addition to other information such as physical evidence. *See United States v. Ortiz,* 182 F. Supp. 443, 449 (E.D. Pa. 2000) (introducing heroin and the preparation of drugs in addition to the testimony of the defendant and his co-conspirators to establish the existence of a conspiracy); *see also Muhammad*, No. 14-CR-136 (JBS), 2015 WL 5996289, at *2 (D.N.J. Oct. 13, 2015) (stating the court is "not restricted to independent evidence of the existence of or defendant's participation in a conspiracy and may consider the hearsay statements sought to be admitted"). Second, the government must show that the statement was made during the course of the conspiracy. A statement is made "in the course of the conspiracy" if it is "made before the objectives of the conspiracy have either failed or been achieved." *United States v. Owens*, 70 F.3d 1118, 1136 (10th Cir. 1995).

Lastly, for a statement to be admitted as non-hearsay, the statement must be made by the "party's co-conspirator and in furtherance of the conspiracy." *See* Fed. R. Evid. 801(d)(2)(E). While most circuits have not developed a specific test for the "in furtherance" requirement, many circuits, including the Third,

have held that the statement should at least advance the object of the conspiracy. *See United States v. Weaver*, 507 F.3d 178, 184 (3d Cir. 2007). There is no requirement that the statement actually furthers the conspiracy as long as they intend to promote the "conspiratorial objectives." *See id.*

The court in *Weaver* stated:

> Statements between conspirators which provide reassurance, serve to maintain trust and cohesiveness among them, or inform each other of the current status of the conspiracy further the ends of the conspiracy and are admissible so long as the other requirements of Rule 801(d)(2)(E) are met. Such statements are more than 'mere narratives' of past events.

*Weaver*, 507 F.3d at 182.

The "furtherance" requirement may also be satisfied when the declarant informs a co-conspirator of the status of the conspiracy. *See id.* In *Provenzano*, the court addressed the furtherance requirement. *See United States v. Provenzano*, 620 F.2d 985 (3d Cir. 1980). Although the court in *Provenzano* held that some of the statements were inadmissible because the statements were not made in furtherance of the conspiracy, the court gives the 'furtherance requirement' a broad interpretation. *See Weaver*, 507 F.3d at 183; *see also U.S. v. Gibbs*, 739 F.2d 838, 845 (3d Cir. 1984) ("[S]tatements made to those who are not involved in the conspiracy are not in furtherance of it just as casual conversation between co-conspirators that is not intended to induce continued involvement, or other actions that would not advance the conspiracy, are not in furtherance of a conspiracy."). Unlike in *Provenzano*, where statements were made to individuals not involved in the conspiracy, in *Gibbs*, all the statements were made to other co-conspirators. *See Gibbs*, 739 F.2d at 846. The court rejected Gibb's argument that the statements were not made in furtherance of the conspiracy because they were not made to induce conduct that would further the goals of the conspiracy. *Id.* at 845. The court held that the statements were meant to keep the conspirators informed about the progress of the scheme and therefore, were admissible. *See id.*

Despite this broad interpretation of the "in furtherance" language, it is not enough if the statement "merely inform[s] the listener of the declarant's activities." *United States v. Snider*, 720 F.2d 985, 992 (8th Cir. 1984); *see Provenzano*, 620 F.2d at 100-01. Casual comments, both inside and outside of the

conspiracy, are unlikely to be considered in furtherance of the conspiracy. *See United States v. Bibbero*, 749 F.2d 581 (9th Cir. 1984) ("To come within the co-conspirator exception, the evidence must indicate that the statement furthered the common objectives of the conspiracy… 'mere conversations between coconspirators' is not admissible.'"). Statements of narratives or past activities involving "puffing" or statements that "spill the bills" about the conspiracy are not made in furtherance of the conspiracy and would therefore, not qualify under Rule 801(d)(2)(E). *See e.g., United States. v. Johnson*, 200 F.3d 529, 533 (7th Cir. 2000) (holding statements in furtherance of the conspiracy must be distinguished from mere idle chatter, narrative declarations, and superfluous casual remarks which do not further the conspiracy); *United States v. LiCausi*, 167 F.3d 36, 50 (1st Cir. 1999) (holding a co-conspirator's statements to his girlfriend describing crimes after the fact were not in furtherance of the conspiracy as they did not appear to have "yielded significant enough information to constitute reports to a co-conspirator").

The Government intends to introduce over five-hundred and fifty recordings of intercepted telephone conversations made by alleged co-conspirators. It defies imagination and logic to suggest that with only six conversations involving Mr. Burrows, the other five hundred and fifty were all in furtherance of a conspiracy which he was a part of. Even with the Third Circuit's broadest interpretation of Rule 801(d)(2)(E), the "in furtherance" requirement is still not met as Mr. Burrows has little to no involvement in the phone calls.

### B. The Recordings Should be Excluded Because its Probative Value is Substantially Outweighed by the Danger of Unfair Prejudice Under Federal Rule of Evidence 403.

Under the Federal Rules of Evidence, relevant evidence is generally admissible. Evidence is relevant if: (a) "it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401(a) and (b). The court may, however, exclude relevant evidence. Rule 403 states, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* This rule is commonly known as the 403 Balancing Test.

The recording's probative value is substantially outweighed by the danger of unfair prejudice. Unfair prejudice means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403. The Third Circuit has not adopted a bright-line rule for determining whether evidence should be excluded under Rule 403 and instead, judges each case on its own facts and record. *See United States v. Heatherly*, 985 F.3d 254, 266 (3d Cir. 2021). While the court has held that unfair prejudice is not simply testimony adverse to the opponent, in cases where the probative value is so minimal and the potential prejudice to the defendant is substantial, the evidence must be excluded. *See McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 923 (3d Cir. 1985); *see also United States v. Gonzalez–Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.").

Out of the hundreds and hundreds wire recordings provided by the Government, only six involve Mr. Burrows. Not only is Mr. Burrows not present during the other remaining calls, but he is also not even a topic of conversation. The calls involve other individuals that have no connection or relevancy to the crimes that Mr. Burrows is charged with. The recordings show no indication that Mr. Burrows is a part of the overarching conspiracy and have no bearing on Mr. Burrow's case. Because of this, there is a substantial risk that the jury will find Mr. Burrows guilty of crimes based on conversations of others in which Mr. Burrows has no involvement. Therefore, this Court should exclude the evidence because its probative value is substantially outweighed by the danger of unfair prejudice against Mr. Burrows.

### IV.     CONCLUSION

For the foregoing reasons, Defendant Brian Burrows respectfully requests this Court to grant this motion and conduct a pre-trial hearing for determination of the admissibility of hearsay statements pursuant Rule 801(d)(2)(E) and pursuant to Rule 403.

**WHEREFORE**, Defendant Brian Burrows seeks an Order precluding the admissibility of these recordings as they may pertain to Defendant.

Dated:  October 12, 2023                              **BUCHANAN INGERSOLL & ROONEY PC**

<u>/s/ Thomas A. Bergstrom</u>
Thomas A. Bergstrom (PA ID No. 21131)
Mark A. Kasten (PA ID No. 316387)
50 South 16th Street, Suite 3200
Philadelphia PA 19102-2555
Telephone: (215) 665-8700
Facsimile: (215) 665-8760
*Attorneys for Defendant Brian Burrows*

**CERTIFICATE OF SERVICE**

I, Thomas A. Bergstrom, hereby certify that on this 12th day of October caused to be electronically filed the foregoing document, with the Clerk of Court through the CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing systems. Parties may access the filing through the Court's CM/ECF System.

                                                                     */s/ Thomas A. Bergstrom*
                                                                      Thomas A. Bergstrom