IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | Criminal No.: 19-CR-64 |
| | : | |
| JOHN DOUGHERTY | : | |

ORDER

     AND NOW, this _____ day of _____, 2023, upon consideration of Defendant's Motion for Continuance, it is hereby ORDERED and DECREED that said Motion is granted. Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 (h) (7)(A)(B) the ends of justice are best served by granting the defendant's request. This matter having been previously scheduled for November 1, 2023 for jury selection and November 6, 2023 for commencement of trial, and the Defendant's unavailability to meet with counsel for approximately two to four weeks due to family illness and family death, additional time is necessary for counsel and Defendant to meet and prepare for trial. In light of the foregoing, the ends of justice served by granting the defendant's request outweigh the best interest of the public and the defendant, in a speedy trial.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | Criminal No.: 19-CR-64 |
| | : | |
| JOHN DOUGHERTY | : | |

MOTION FOR CONTINUANCE

**COMES NOW**, John Dougherty, by and through his attorneys, Gregory J. Pagano, Esquire, and Henry George, Esquire and requests that this Court continue the trial date and in support thereof avers as follows:

1. Mr. Dougherty, was indicted on or about January 29, 2019 for acts related to his position as a business manager of a Philadelphia trade union. The indictment charged eight defendants (including Mr. Dougherty who is the lead defendant), all union officials and employees, with 116 counts. The case was severed into two separate trials; Counts 1-96, charging Mr. Dougherty and six codefendants with embezzlement and related charges from the union and related charges and Counts 97-116, charging honest services fraud as to Mr. Dougherty and one codefendant. Honest services (Counts 97-116) proceeded to trial in October 2021, and concluded in November 2021. Mr. Dougherty was convicted on "Counts 1, 4, 5, 6, 7, 8, 9, 10; Not guilty on Counts 2, 3, and 10" (ECF # 251 - the counts were renumbered for the jury). Mr. Dougherty was represented by other retained

2

counsel in the honest services fraud trial.

2. In August 2022, trial counsel withdrew due to allegations of conflicts of interest. This Court appointed counsel to represent Mr. Dougherty. Through court appointed counsel Mr. Dougherty filed motions, including a motion for a new trial on the honest services fraud convictions, due to the conflicts of interest of trial counsel. A sentencing hearing and an evidentiary hearing on the conflict of interest claims, both remain outstanding on the honest services fraud convictions due to the fact that 96 Counts of the indictment (the embezzlement charges) are undisposed.

3. In the Spring of 2023, Mr. Dougherty was awarded a sum of money in a civil proceeding in which he was a plaintiff seeking enforcement of an insurance policy in which he was the beneficiary for attorney fees as a union official. *John J. Dougherty v. National Union Fire Insurance of Pittsburgh, PA, November Term, 2021, No. 640.* Upon receipt of distribution of the funds from the civil litigation, Mr. Dougherty hired counsel who entered his appearance on May 4, 2023, at a hearing before this Court (ECF # 482).

4. In June 2023, counsel received four boxes of paper discovery from court appointed counsel and entered into a contractual agreement with Reliable, an electronic discovery hosting service with which court appointed counsel contracted to upload all discovery previously produced. The discovery database contains approximately 800,000 records, most of which are multiple pages, many are hundreds of pages and some are thousands of pages. It is impossible for counsel or the government to estimate the number of pages produced in discovery. However, this only includes printed text, and does not include native files, audio recordings, cellular telephone and electronic device image files, video

footage and other materials that require substantial, labor-intensive review. According to the government there are 109,006 Title III intercepted audio and text "sessions", and 58,248 hours of video surveillance footage.

5. On June 15, 2023, this Court entered a Scheduling Order for trial to commence on October 9, 2023, or October 30, 2023, conditioned upon Counsel's availability due to a prior trial commitment and attachment (March 2023) in *Commonwealth v. Smith*, CP 15-CR-1078-2022, a murder trial commencing on October 2, 2023, in Chester County. The *Smith* case is expected to proceed as scheduled and counsel is presently preparing for trial.

6. On or about October 3, 2023, this Court entered an Order directing that jury selection commence on November 1, 2023 and trial commence on November 6, 2023.

7. On or about September 15, 2023, the defendant's father was hospitalized and on October 20, 2023, he passed away, and the funeral service is October 26, 2023.

8. For approximately two to four weeks counsel and the defendant were not able to meet due to the defendant's father's hospitalization and subsequent death.

9. It is thus requested that due to the defendant's lack of access to counsel during a crucial trial preparation period, that the trial in this case be continued for a period of thirty days.

10. To "assure a speedy trial" for all defendants, the Speedy Trial Act sets timing deadlines for the stages of a criminal prosecution. 18 U.S.C. § 3161(a). A defendant must be indicted within thirty days of his arrest, and he must be tried within seventy days of the later of his indictment or initial appearance. *Id*. § 3161(b), (c)(1). The Speedy Trial Act generally insists on strict conformity with its deadlines: charges "shall be dismissed" if a

defendant is not afforded a trial on time. *Id*. § 3162(a)(2). Nonetheless, those deadlines can be tolled for good cause. *Id*. § 3161(h); *accord* United States v. Adams, 36 F.4th 137, 144-45 (3d Cir. 2022). Delay is allowed for the duration of a continuance granted by the district court "on the basis … that the ends of justice [are better] served by taking such action [and that doing so] outweighs the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

11. On February 15, 2019, approximately two weeks post-indictment, the Government filed an unopposed Motion to Designate the Case as Complex and for Exclusion of Time Under the Speedy Trial Act (ECF 47).  "Case complexity is an acceptable reason for tolling Speedy Trial Act deadlines, 18 U.S.C. § 3161(h)(7)(B)(ii)." *United States v Scarfo,* 41 F.4th 136, 176 (3d Cir. 2022). *See, e.g., United States v Scarfo,* 41 F.4th 136, 176 (3d Cir. 2022) (open-ended continuance and complex case designation under 18 U.S.C. § 3161(h)(7)(B)(ii) appropriate where discovery included "approximately 1,000,000 pages of information.").

12. Discovery is voluminous and the case complex and discovery is still ongoing.  On August 31, 2023, the government produced additional discovery consisting of approximately 1200 pages and 64 videos totaling approximately 125 hours.

13. In addition to reviewing discovery, preparation of a case of this nature necessitates many hours of meetings with the defendant and witnesses.  Complicating and limiting the scheduling of meetings with Mr. Dougherty is the staffing of nurses attending to the

5

constant medical care of his very sick wife[1].

14. Although defense counsel has worked diligently, utilized an electronic discovery database and hired additional staff, it is extremely difficult, if not impossible, to review every piece of evidence the government has produced. This is compounded by the fact that counsel is also preparing for another trial and by the fact that discovery continues to be produced in this case. The defendant's father's hospitalization and subsequent death have contributed to delays in the preparation for trial in this case. A request to continue the trial is reasonable and necessary to ensure that the defendant's constitutional rights are not violated.

15. Thus, even exercising "due diligence," a start date of November 6, 2023, would deny the defendant and counsel reasonable time necessary for effective preparation, and in doing so, violate Mr. Dougherty's rights to due process and counsel.

16. Mr. Dougherty and counsel need additional time to prepare for trial in this case and a delay of 30 days is a reasonable request and would permit a fair opportunity to meet in person to review all discovery, investigate and research and advance appropriate motions, and apprise the Court of relevant legal issues.

17. While the public has an interest in the prompt resolution of this case, that interest must yield to the public and the defendant's overriding interest in a just proceeding. A delay of 30 days would allow Mr. Dougherty and counsel to meet and prepare for trial.

WHEREFORE, it is respectfully requested that this Honorable Court GRANT the Defendant's

---

[1] The defendant's wife suffers from Arteriovenous Malformation (AVM), an abnormal tangle of blood vessels that causes bleeding of the brain. The defendant lives at home with his wife, who is confined to a wheelchair and feeding tube, and requires 24-hour care, making Mr. Dougherty's availability limited.

request to continue the trial listing of November 6, 2023 for 30 days.

          Respectfully submitted:

          /s/ Gregory J. Pagano
          GREGORY J. PAGANO, ESQUIRE
          Attorney for Defendant, John Dougherty
          1315 Walnut Street, 12th Floor
          Philadelphia, PA 19107
          215-636-0160

          /s/ Henry George
          HENRY GEORGE, ESQUIRE
          Attorney for Defendant, John Dougherty
          1315 Walnut Street, 12th Floor
          Philadelphia, PA 19107
          215-636-0160

DATED: October 26, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | Criminal No.: 19-CR-64 |
| | : | |
| JOHN DOUGHERTY | : | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Motion for Continuance has been served upon AUSA Frank Costello , U. S. Attorney's Office, 615 Chestnut Street, Philadelphia, PA l9106, via the Court's Electronic Filing System.

_____/s/_____
GREGORY J. PAGANO, ESQUIRE