IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | Criminal No.: 19-CR-64 |
| | : | |
| JOHN DOUGHERTY | : | |

## ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of Defendant John Dougherty's Motion for Judgment of Acquittal as to Counts 2, 3, 19, 23, 24, 34, 35, 36, and 39 of the Indictment, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____
HON. JEFFREY L. SCHMEHL
Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | Criminal No.: 19-CR-64 |
| | : | |
| JOHN DOUGHERTY | : | |

**DEFENDANT JOHN DOUGHERTY'S MOTION
FOR JUDGMENT OF ACQUITTAL PURSUANT TO
RULE 29(C) OF THE FEDERAL RULES OF CRIMINAL PROCUEDRE**

John Dougherty by and through his attorneys Gregory Pagano, Esq. and Henry George, Esq. respectfully moves this Court for an Order granting acquittal as to Counts 2, 3, 19, 23, 24, 34, 35, 36, and 39 of the Indictment and in support thereof avers as follows:

1. On December 7, 2023, Defendant John Dougherty was convicted inter alia on Counts 2, 3, 19, 23, 24, 34, 35, 36, and 39 (hereinafter "Massa Counts") on an Indictment returned on January 29, 2019.

2. This Motion is filed pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, which states in pertinent part:

    (c) After Jury Verdict...

    (1) A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict...

3. To convict Mr. Dougherty of the Massa Counts, the Government must have proven each element of Embezzlement and Theft of Labor Union Assets pursuant to 29 U.S.C. §501(c) beyond a reasonable doubt. Specifically, the Government must have

demonstrated that Mr. Dougherty acted knowingly, unlawfully, willfully, and with fraudulent intent to deprive Local 98 of the use of its monies, funds, property, or other assets. See *United States v. Oliva*, 4 F.3d 320, 324 (3d Cir. 1995).

4. Mr. Massa testified at trial that he never told Mr. Dougherty that he was billing Local 98 for work performed at non-Local 98 properties.

5. Mr. Massa also testified at trial that he led Mr. Dougherty to believe that Mr. Dougherty was receiving this work for free, so that Massa would continue to get construction work from Local 98.

6. Mr. Massa further testified at trial that Local 98 always paid his bills quickly and he never had to wait for payment.

7. The Government has failed to prove beyond a reasonable doubt that Mr. Dougherty acted knowingly, unlawfully, willfully, and with fraudulent intent to deprive Local 98 as it relates to the Massa Counts.

WHEREFORE, Defendant John Dougherty seeks an Order entering judgment of acquittal on Counts 2, 3, 19, 23, 24, 34, 35, 36, and 39 of the Indictment.

Respectfully submitted:

Gregory Pagano
GREGORY J. PAGANO, ESQUIRE
HENRY GEORGE, ESQ.
Attorneys for Defendant, John Dougherty
1315 Walnut Street, 12th Floor
Philadelphia, PA 19107
215-636-0160

DATED: January 29, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | Criminal No.: 19-CR-64 |
| | : | |
| JOHN DOUGHERTY | : | |

**DEFENDANT JOHN DOUGHERTY'S MEMORANDUM OF LAW IN SUPPORT OF HIS RULE 29(C) MOTION FOR JUDGMENT OF ACQUITTAL**

Defendant John Dougherty, by and through his attorneys Gregory Pagano, Esq. and Henry George, Esq., moves this Court to enter a judgment of acquittal on Counts 2, 3, 19, 23, 24, 34, 35, 36, and 39 of the Indictment pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure because the Government has failed to prove beyond a reasonable doubt that Mr. Dougherty acted knowingly, unlawfully, willfully, and with fraudulent intent to deprive Local 98 of the use of its monies, funds, property, or other assets.

**I.     INTRODUCTION**

On December 7, 2023, Mr. Dougherty was convicted on Counts 2, 3, 19, 23, 24, 34, 35, 36, and 39 of the indictment (Hereinafter "Massa Counts"). The Government has failed to show that Mr. Dougherty knew about Anthony Massa's actions of billing Local 98 for work performed at non-Local 98 properties. Therefore, the convictions on the Massa Counts should be overturned.

To convict Mr. Dougherty of the Massa Counts, the Government must have proven each element of Embezzlement and Theft of Labor Union Assets pursuant to 29 U.S.C. §501(c) beyond a reasonable doubt. Specifically, the Government must have demonstrated that Mr. Dougherty acted knowingly, unlawfully, willfully, and with fraudulent intent to

deprive Local 98 of the use of its monies, funds, property, or other assets. See *United States v. Oliva*, 4 F.3d 320, 324 (3d Cir. 1995).

## II. ARGUMENT

After a jury returns a verdict of guilty, a defendant may move for a judgment of acquittal. *See* Fed. R. Crim. Pro. 29(c)(1). In deciding such a motion, the court must "view the evidence in the light most favorable to the government." *United States. v. Wasserson*, 418 F.3d 225, 237 (3d. Cir. 2005). Additionally, the court must "presume that the jury properly evaluated the credibility of the witnesses, found the facts, and drew reasonable inferences." *Id*. The court's role is to independently review the evidence to determine whether it can support an inference of guilt beyond a reasonable doubt. *See United States. v. Rich*, 326 F. Supp.2d 670, 673 (E.D.Pa. 2004); *see also United States v. Cunningham*, 517 F.3d 175, 177 (3d Cir. 2008) (holding the court must sustain the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").

The evidence presented a trial failed to prove beyond a reasonable doubt that Mr. Dougherty acted knowingly, unlawfully, willfully, and with fraudulent intent to deprive Local 98 of the use of its monies, funds, property, or other assets.

### A. The Government has Not Presented Evidence that Mr. Dougherty had knowledge that Mr. Massa was billing the Union for work performed a t non-Union properties.

The Government's main witness regarding the Massa Counts was Anthony Massa. Mr. Massa testified that he performed construction services at non-Local 98 properties and billed Local 98 for this work. Mr. Dougherty was not aware that Mr. Massa acted in this manner. In fact, Mr. Massa testified that he never told John Dougherty that he was billing Local 98 for

the work that he did on the non-Local 98 properties. Mr. Massa testified that he led Mr. Dougherty to believe that Mr. Dougherty was receiving this work for free, so that Mr. Massa would continue to get construction work from Local 98. Mr. Massa enjoyed doing work for Local 98 because Local 98 always paid his bills quickly.

Even in the light most favorable to the Government, the evidence at trial showed that Mr. Dougherty did not know about Mr. Massa's fraudulent billing practices related to Local 98.

### B. The Call Between Mr. Dougherty and Don Siegal Referencing a Contractor Did Not Refer to Mr. Massa

As proof that Mr. Dougherty was aware that Mr. Massa billed Local 98 for work performed at non-Local 98 properties, the Government will likely cite the telephone call between Mr. Dougherty and Don Siegal. The Government's argument lacks merit. In the phone call, Mr. Dougherty references a contractor. The contractor was supposed to be paid from the sale of Doc's Union Pub for work that was performed. Based on the evidence presented at trial, no reasonable factfinder would conclude that Mr. Massa was the contractor waiting for Doc's Union Pub to be sold to receive payment.

Mr. Massa testified at trial that Local 98 always paid his bills quickly. Mr. Massa would submit an invoice to Local 98 and receive payment the same day or following day. Mr. Massa never had to wait for payment and did not have to wait for Doc's Union Pub to be sold to receive payment. There was also no evidence presented that Mr. Massa in fact received payment from the sale of Doc's Union Pub.

Even if a reasonable factfinder concluded that the contractor in the call was Mr. Massa, it does not prove that Mr. Dougherty acted knowingly, unlawfully, willfully, and with

fraudulent intent to deprive Local 98. The call with Don Siegal occurred on August 14, 2016. This was well after the searches of the Local 98 offices, Mr. Dougherty's residence, Mr. Massa's office, and was after Mr. Massa's recorded interview with the FBI. At the time of the call, any conspiracy that existed was over. This phone call, falls far short of proving beyond a reasonable doubt that Mr. Dougherty was aware and had knowledge that Mr. Massa was billing Local 98 at the time the bills were submitted to Local 98.

The Government has not presented evidence to show beyond a reasonable doubt that Mr. Dougherty acted knowingly, unlawfully, willfully, and with fraudulent intent to deprive Local 98 of the use of its monies, funds, property, or other assets, which is required under *Oliva*.

### III.  CONCLUSION

For the foregoing reasons, Defendant John Dougherty, respectfully requests this Court grant this Motion for a Judgment of Acquittal on the Massa Counts under Rule 29(c) of the Federal Rules of Criminal Procedure. The evidence presented at trial falls far short of proof beyond a reasonable doubt and no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

WHEREFORE, Defendant Joh Dougherty seeks an appropriate Order.

    Respectfully submitted:

    Gregory Pagano_____
    GREGORY J. PAGANO, ESQUIRE
    HENRY GEORGE, ESQ.
    Attorneys for Defendant, John Dougherty
    1315 Walnut Street, 12th Floor
    Philadelphia, PA 19107
    215-636-0160

Date: January 29, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs.   : | Criminal No.: 19-CR-64 |
| : | |
| JOHN DOUGHERTY : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant John Dougherty's Motion for Judgment of Acquittal was served on all counsel of record via the Court's Electronic Filing System.

           /s/ Gregory Pagano
           GREGORY J. PAGANO, ESQUIRE

January 29, 2024